IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR ANDREWS | : |
| | : |
| | : DOCKET NO. |
| v. | : |
| | : |
| C.R. ENGLAND, INC., C.R. ENGLAND | : |
| GLOBAL TRANSPORTATION, a | : |
| Corporation; EVERTH PORFIRIO | : |
| FLORES AVILES, ABC CORP 1-10 | : |
| (fictitious name); JOHN DOE 1-10 | : |
| (fictitious name) | : |
| | : |
| Defendants | : |
| | : |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendants, C.R. England, Inc. (i/p/a C.R. England, Inc. and C.R. England Global Transportation) and Everth Porfirio Flores Aviles, through their attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1. At all material times, Plaintiff, Trevor Andrews, was and is a citizen of the State of New Jersey, residing at 1007 Eddy Avenue, Linden, New Jersey. (See Plaintiff's Complaint, attached as Exhibit "A.")

2. At all material times, defendant, Everth Porfirio Flores Aviles was and is a citizen of the State of California, residing at 11917 Elliot Avenue, El Monte, California.

3. At all material times, defendant, C.R. England, Inc., was and is a corporation incorporated under the laws of the Utah with its principal place of business in Salt Lake City, Utah.

{J0460348.DOCX}

4. Plaintiff commenced a civil action against defendants in the Superior Court of New Jersey, Union County Law Division. A copy of the Complaint was sent to C.R. England, Inc., on or about January 18, 2019 and to Everth Porfirio Flores Aviles on or about January 20, 2019.

5. If a case stated by the initial pleading is removeable, the defendants must file a removal petition within 30 days of its receipt through service or otherwise of said initial pleading. 28 U.S.C. § 1446(b)(1.) Accordingly, this petition for removal is timely filed.

6. Although plaintiff's Complaint does not seek a specific amount of damages in its *ad damnum* clause, the Complaint alleges that Plaintiff sustained:

> Severe and personal injuries to himself which are permanent in nature. . . . [and] was severely, painfully and permanently injured about the head, neck, back, shoulders, hips, torso, arms, legs, and other diverse parts of his body; has suffered and will in the future continue to suffer great pain and shock to his nervous system and mental anguish; has incurred and will in the future continue to incur great medical expense in an effort to cure himself; has been prevented and will in the future continue to be prevented from pursuing his normal daily activities; has been rendered and will in the future continue to be rendered sick, sore, lame, disabled and otherwise injured.
> (See Exhibit "A" at First Count, ¶¶ 4,5.)

7. The Complaint also contains a demand for interest, attorneys' fees and costs of suit. (See Exhibit "A" at *ad damnum* clause of First Count; Second Count.)

8. If a Complaint does not allege a specific amount of damages, it is removeable if the removal petition contains a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014.)

9. In the absence of specific allegations of injury, categories of damages plausibly establish the amount in controversy. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 521-522

{J0460348.DOCX}

(D.N.J. 2007) (plaintiff's unopposed motion for remand was denied when the plaintiff alleged unspecified personal injuries as the result of having been bitten by a raccoon on defendants' premises.)

10. Plaintiff in the instant action filed a Complaint alleging that he sustained severe, painful and permanent bodily injuries, "great" medical expenses, and past and future disability. (See Exhibit "A.") New Jersey recognizes permanent injuries as significant elements of damages because permanent injury is one of only six narrowly-tailored categories of damage severe enough to overcome the limited tort threshold, along with death, dismemberment, significant disfigurement or scarring, displaced fractures and loss of a fetus. N.J.S.A. 39:6-8.

11. Plaintiff's Complaint further asserts a demand for attorneys' fees which should be included in the amount-in-controversy calculus and which "alone can exceed six figures." *Raspa*, 533 F. Supp. 2d at 522.

12. Accordingly, Plaintiff's Complaint alleges damages that establish by a preponderance of competent, admissible evidence an amount in controversy exceeding the federal jurisdictional threshold of $75,000.

13. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

   a. Plaintiff was and is a citizen of the State of New Jersey;

   b. Defendant, C.R. England, Inc., was and is a corporation organized under the laws of the State of Utah with its principal place of business in Utah; and

   c. Defendant, Everth Porfirio Flores Aviles, was and is a citizen of the State of California.

{J0460348.DOCX}

14. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

WHEREFORE, defendants, C.R. England, Inc. (i/p/a C.R. England, Inc. and C.R. England Global Transportation) and Everth Porfirio Flores Aviles herein pray that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Union County, be removed therefrom to this Honorable Court.

**SALMON RICCHEZZA SINGER & TURCHI, LLP**

By: _____
Jeffrey A. Segal, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
(856) 842-0762
jsegal@srstlaw.com
Attorneys for Defendants,
C.R. England, Inc. and Everth Porfirio Flores Aviles

Dated: 2-13-19