# EXHIBIT "A"

{J0460348.DOCX}

Matthew T. Rinaldo, Esq.
Atty. I.D. 195951960
RINALDO AND RINALDO ASSOCIATES LLC
60 Walnut Avenue, Suite 150
Clark, New Jersey 07066
Phone: (732) 388-9300
Fax: (732) 388-9301
*Attorneys for Plaintiff, Trevor Andrews*

| | |
|---|---|
| **TREVOR ANDREWS,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: UNION COUNTY |
| *Plaintiff,* | |
| | Civil Action |
| vs. | |
| | **COMPLAINT AND** |
| **C.R. ENGLAND, INC.; C. R. ENGLAND** | **JURY DEMAND** |
| **GLOBAL TRANSPORTATION, a** | |
| **corporation; EVERTH PORFIRIO FLORES** | |
| **AVILES;** ABC CORP. 1-10 (fictitious name); | |
| JOHN DOE 1-10 (fictitious name) | |

Plaintiff, **TREVOR ANDREWS,** residing at 1007 Eddy Avenue, in the Municipality of

Linden, County of Union, State of New Jersey, by way of Complaint against the Defendants

herein, says:

## FIRST COUNT

1.    At all times hereinafter mentioned the Defendants **C.R. ENGLAND, INC., C. R.**

**ENGLAND GLOBAL TRANSPORTATION** was the owner of a Tractor Trailer bearing an Indiana

Trailer License Plate Number P270145, Plate Number 2344992, and USDOT Carrier Number

028406.

2.    At all times hereinafter mentioned the Defendant **C.R. ENGLAND, INC., C. R.**

**ENGLAND GLOBAL TRANSPORTATION** was the owner of a certain Tractor Trailer bearing

Indiana Trailer License Plate Number P270145, Plate Number 2344992, and USDOT Carrier

1

Number 028406, which was being operated by its agent, servant, employee, and/or independent contractor Defendant **EVERTH PORFIRIO FLORES AVILES**, on and about the business of Defendants **C.R. ENGLAND, INC., C. R. ENGLAND GLOBAL TRANSPORTATION.**

3.    On the date of the Plaintiff's accident, December 26, 2017, the accident premise was known as Blue Apron, 301 Pleasant Street, Linden, New Jersey, and was contracted by Plaintiff's then employer, Metro One Loss Prevention, 2810 Morris Avenue, Union, New Jersey.

4.    On December 26, 2017, Plaintiff **TREVOR ANDREWS** was an employee of Metro One Loss Prevention and working at and on the aforementioned Blue Apron premise and lawfully in the performance of his Security position, housed and situated inside of an exterior Security booth and structure performing his work duties on the warehouse property known as Blue Apron.

All of a sudden without warning, Defendant **EVERTH PORFIRIO FLORES AVILES**, as an agent, servant, employee, and/or independent contractor of Defendants **C.R. ENGLAND, INC., C. R. ENGLAND GLOBAL TRANSPORTATION**, negligently, carelessly and recklessly operated, managed and controlled his respective Tractor Trailer unit vehicle bearing the name of Defendant **C. R. ENGLAND GLOBAL TRANSPORTATION**, in such a manner as to cause the Tractor Trailer to violently strike, demolish, destroy, topple and knock down the Security booth, resulting in the structure collapsing and crashing down upon the body of the Plaintiff, **TREVOR ANDREWS**, in which he was housed and occupying performing his duties, causing Plaintiff to sustain and suffer severe and personal injuries to himself which are permanent in nature.   The said accident and injuries of Plaintiff were due solely to the negligence,

2

carelessness, and recklessness of Defendants, their agents, servants, employees and/or independent contractors.

5.    As a direct and proximate result of the aforesaid negligence of the Defendants **C.R. ENGLAND, INC., C.R. ENGLAND GLOBAL TRANSPORTATION,** and **EVERTH PORFIRIO FLORES AVILES,** the Plaintiff **TREVOR ANDREWS** was severely, painfully and permanently injured about the head, neck, back, shoulders, hips, torso, arms, legs, and other diverse parts of his body; has suffered and will in the future continue to suffer great pain and shock to his nervous system and mental anguish; has incurred and will in the future continue to incur great medical expense in an effort to cure himself; has been prevented and will in the future continue to be prevented from pursuing his normal daily activities; has been rendered and will in the future continue to be rendered sick, sore, lame, disabled and otherwise injured.

**WHEREFORE,** Plaintiff, **TREVOR ANDREWS,** demands judgment against Defendants, **C.R. ENGLAND, INC., C.R. ENGLAND GLOBAL TRANSPORTATION,** and **EVERTH PORFIRIO FLORES AVILES,** jointly, severally or in the alternative for damages, together with lawful interest, plus costs of suit and fees on the First Count.

<u>**SECOND COUNT**</u>

1.    Plaintiff **TREVOR ANDREWS** repeats the allegations of the First Count of this Complaint as if same were set forth herein at length.

2.    At the time and place aforesaid, the Defendant **ABC CORP. 1-10** is a fictitious name for one or more corporations, partnerships, sole proprietors or other business entities whose name or names may become known during the course of this litigation.

3.    Defendant, **JOHN DOE 1-10** is a fictitious name for an individual or individuals whose names may become known during the course of litigation and who may have in one

3

or more ways, directly or indirectly contributed to the injuries sustained by the Plaintiff, **TREVOR ANDREWS**, as a result of the within accident.

4.   Defendants, **ABC CORP. 1-10** (fictitious name) and **JOHN DOE 1-10** (fictitious name) along with Defendants **C.R. ENGLAND, INC., C.R. ENGLAND GLOBAL TRANSPORTATION**, and **EVERTH PORFIRIO FLORES AVILES** named in this Complaint, were under a duty to use reasonable care in the course of its business ventures at or on the premises known as Blue Apron, 301 Pleasant St, Linden, New Jersey, in the County of Union, State of New Jersey, in a safe and suitable manner so that employees, business invitees and other persons of the general public, including but not limited to the Plaintiff, might use the aforesaid area and premises in safety.

5.   On the date aforesaid and for a long time prior thereto, Defendants, **ABC CORP. 1-10** (fictitious name) and **JOHN DOE 1-10** (fictitious name), or one of its predecessors in title, came upon and used the area premise described herein, in an unsafe, hazardous, and perilous manner so as to cause the accident and personal injuries of the Plaintiff, **TREVOR ANDREWS**.

6.   By reason of and as a result of the negligence, carelessness and recklessness of Defendants, **ABC CORP. 1-10** (fictitious name) and **JOHN DOE 1-10** (fictitious name), Plaintiff, **TREVOR ANDREWS**, was severely, painfully and permanently injured about the head, neck, back, shoulders, hips, torso, arms, legs, and other diverse parts of his body; has suffered and will in the future continue to suffer great pain and shock to his nervous system and mental anguish; has incurred and will in the future continue to incur great medical expense in an effort to cure himself; has been prevented and will in the future continue to be prevented from pursuing his normal daily activities; has been rendered and will in the future continue to be rendered sick, sore, lame, disabled and otherwise injured.

4

WHEREFORE, Plaintiff **TREVOR ANDREWS** demands judgment against Defendants, **ABC CORP. 1-10** (fictitious name) and **JOHN DOE 1-10** (fictitious name), jointly, severally or in the alternative, for damages, together with lawful interest, costs of suit and fees on the Second Count of the Complaint.

**RINALDO AND RINALDO ASSOCIATES LLC**
*Attorneys for Plaintiff*

By:     Matthew T. Rinaldo, Esq.

Dated:   January 16, 2019

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Matthew T. Rinaldo, Esq. is designated as Trial Counsel.

### DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Plaintiff, **TREVOR ANDREWS**, hereby demands, pursuant to R. 4:17-(b)(ii) of the Rules of Court, that the Defendants, **C.R. ENGLAND, INC., C.R. ENGLAND GLOBAL TRANSPORTATION,** and **EVERTH PORFIRIO FLORES AVILES**, on and about the business of Defendant **C.R. ENGLAND, INC.**, serve answers to the Interrogatories prescribed by Forms "C" and "C1" of Appendix II of the Rules of Court, within sixty (60) days of the date hereof.

### DEMAND FOR INSURANCE INFORMATION

Pursuant to *Rule 4:10-2(b)* and *Rule 4:18,* demand is hereby made that you advise the undersigned whether there are any insurance agreements or policies which any Defendant, person, or firm carrying on an insurance business may be liable to satisfy part or all of a

5

judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, or of the payment of any medical or hospital expenses.

( ) YES or ( ) NO

If the answer is "*yes*", provide a copy of each, and state the following:

(a) number(s);

(b) name(s) and address(es) of insurer or issuer;

(c) inception and expiration dates;

(d) names and addresses of all persons insured thereunder;

(e) personal injury limits;

(f) property damage limits;

(g) medical payment limits;

(h) name and address of person who has custody and possession thereof;

(i) where and when each policy or agreement can be inspected and copied.

If the answer is "no", provide a statement under oath or Certification.

<u>**DEMAND FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to Rule 4:18-1, the Plaintiff, **TREVOR ANDREWS**, hereby demands that the Defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following request are ongoing and continuing in nature and the Defendants are, therefore, required to continuously update its responses thereto as new information or documentation comes into existence and that the Plaintiff, **TREVOR ANDREWS**, hereby objects to the taking of any photographs, X-rays, or

other reproductions concerning the Plaintiff or the Plaintiff's injuries at the time of the defense examination.

1. The amounts of any and all insurance coverage convening the Defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the Declaration Page therefrom.

1. Copies of any and all documentation or reports, including but not limited to, Police Reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

2. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the accident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

3. Copies of any and all signed or unsigned statements, documents, communications, and/or transactions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, mad by any party to this action, any witness, or any other individual.

4. Copies of any and all documentation, including but not limited to, safety manuals, Statutes, Rules, Regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

5. Copies of any and all reports on the Plaintiff, **TREVOR ANDREWS**, received by the Defendants, or any other party to this suit from either the Central Index Bureau (C.I.B.) or from any other source.

6. Copies of any and all medical information and/or documentation concerning the Plaintiff in this matter whether it concerns medical condition or treatment which took place before, during or after the time of the incident in question.

7. Copies of any and all records of any type subpoenaed by the Defendants or received from any other source concerning the Plaintiff, **TREVOR ANDREWS**, for the incident in question.

8. Copies of all cellular phone bills of any and all cell phones that each Defendant had access to on the date of the subject accident.

9. Copy of the entire Property Damage file maintained by each Defendant, their insurance companies and their respective representatives including but not limited to photos and repair estimates for all vehicles involved in the subject accident.

**RINALDO AND RINALDO ASSOCIATES LLC**
*Attorneys for Plaintiff*

By: Matthew T. Rinaldo, Esq.

Dated:   January 16, 2019

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I certify that the matter in controversy is not the subject of any other action or proceeding pending in any court or tribunal, nor is there any other action or arbitration proceeding contemplated between the parties hereto.

8

I further certify that, at this time, I know of no other parties who should be joined in this action.

RINALDO AND RINALDO ASSOCIATES LLC
*Attorneys for Plaintiff*

By: Matthew T. Rinaldo, Esq.

Dated:   January 16, 2019